UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

TYRONE HILL,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

Case No. 1:22-cv-776

Honorable Ray Kent

**<u>OPINION</u>**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 5.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint on grounds of immunity and for failure to state a claim. The Court will also deny Plaintiff's motion for appointment of counsel. (ECF No. 3.)

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. The timing and nature of Plaintiff's criminal offense is relevant to the matters raised in his complaint. That information is not set out in Plaintiff's complaint.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

When assessing whether a complaint states a claim, the Court is generally limited to the allegations of the complaint. However, that general limitation is not entirely inflexible. The Sixth Circuit Court of Appeals has "taken a liberal view of what matters fall within the pleadings for purposes of [determining whether a complaint states a claim.]" *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). Thus:

> If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). At this preliminary stage in litigation, courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies. *Id*.

*Id*.; *see also Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). This Court may take judicial notice of proceedings in other courts of record, including their docket sheets. *Chase v. MaCauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020). And this Court takes judicial notice of the information provided by a search of the Michigan Department of Corrections (MDOC) Offender Tracking Information System (OTIS) website with regard to Plaintiff. *See, e.g., United States v. Alexander*, 543 F.3d 819, 824 (6th Cir. 2008); *Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004). Finally, the Court has reviewed all of the exhibits Plaintiff has attached to the complaint and considered them as part of this preliminary review.

In *People v. Hill*, No. 227591, 2002 WL 484627 (Mich. Ct. App. Mar. 22, 2002), the Michigan Court of Appeals set forth certain facts regarding Plaintiff's offense:

> On December 13, 1999, the ten year old victim was abducted as she waited for the school bus. The victim is of Vietnamese descent and has difficulty communicating in the English language. As she stood at the bus stop, defendant drove up, identified himself as a teacher and offered the victim a ride to school. When the victim tried to run away, defendant forced her into his vehicle, detained her on the floor, covered her mouth with his hand and sexually assaulted her. The

4

>victim sustained blunt force injury to the vaginal area, was in physical pain and very upset.

*Id*. at *1. Plaintiff was convicted of first-degree criminal sexual conduct (CSC-I). He was sentenced to 40 to 60 years' imprisonment. The MDOC lists Plaintiff's early release date—the date he would be first eligible for parole—as December 12, 2039. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=311151 (last visited Sept. 29, 2022). Plaintiff's maximum discharge date—the date upon which the MDOC must release him—is December 12, 2059.

Plaintiff sues the Michigan Department of Corrections (MDOC) and the Michigan Parole Board, claiming that he is entitled to parole consideration, even though his "early release date" is still almost twenty years away. Plaintiff contends that his parole eligibility date is not determined solely by his "early release date." He claims it must be adjusted to a net minimum sentence by subtracting "disciplinary credits." He bases that claim on the decision of the Michigan Court of Appeals in *Hayes v. Parole Board*, 886 N.W.2d 725 (Mich. Ct. App. 2015).

Plaintiff alleges that he is entitled to mandamus relief. Plaintiff pressed that claim in the Ingham County Circuit Court. *People v. Hill*, No. 00-075424-FC (Ingham Cnty. Cir. Ct.). That court denied relief by order entered August 12, 2019. Plaintiff then sought leave to appeal in the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave by orders entered January 2, 2020, and April 29, 2020, respectively. *See* https://www.courts.michigan.gov/c/courts/coa/case/350455 (last visited Sept. 29, 2022).

Plaintiff claims that he has been denied his due process right to disciplinary credits. He contends he is entitled to relief under the Federal Tort Claims Act (FTCA) for false imprisonment, and that he is entitled to relief under state tort law. He seeks damages for every day he is incarcerated past his calculated "net minimum" date.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Plaintiff's complaint fails to state a claim for many reasons.

### A. Sovereign immunity

Plaintiff has named the Michigan Parole Board and the MDOC as the sole defendants, not any one or more of the individual members of the board. The Michigan Parole Board is part of the MDOC. Mich. Comp. Laws § 791.231a(1). Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts,

6

unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, the Michigan Parole Board, as part of the Michigan Department of Corrections, is immune from injunctive and monetary relief. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (holding that both the MDOC and the parole board are entitled to immunity under the Eleventh Amendment); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (Michigan Parole Board entitled to Eleventh Amendment immunity); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492 (6th Cir. 2004) (same); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (same). In addition, neither the MDOC nor the Michigan Parole Board is a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771.

    **B.**    **Plaintiff has no due process right to parole in Michigan**

Notwithstanding the fact that Plaintiff cannot maintain his suit against the MDOC or the Michigan Parole Board on grounds of immunity, Plaintiff's complaint is simply devoid of any allegations that state a plausible constitutional claim for relief. Plaintiff asserts that he has a protected right to be considered for parole. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional

7

magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603–04 (Mich. 1999).

Under this authority, until Plaintiff has served his 60-year maximum sentence, he has no reasonable expectation of liberty. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=311151 (last visited Sept. 29, 2022). The discretionary parole system in Michigan

...
...
...

holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to consider Plaintiff for parole, therefore, implicates no federal right. In the absence of a liberty interest, Plaintiff's procedural due process claim is deficient on the face of the complaint.

### C.     FTCA

The FTCA, however, permits suits only against the United States for certain torts committed by federal employees. *See* 28 U.S.C. §§ 1346(b), 2679(a). Plaintiff has not sued the United States or any federal employees. Accordingly, he has failed to state a FTCA claim.

### D.     Mandamus

Plaintiff seeks a writ of mandamus. The scope of this Court's authority to issue such writs is limited:

> The writ of mandamus as such has been abolished by Rule 81(b), Fed. R. Civ. P. However, under 28 U.S.C. § 1651 (All Writs Statute) federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus. *Findley v. Chandler*, 377 F.2d 548 (9th Cir.1967); *Booker v. Arkansas*, 380 F.2d 240 (8th Cir.1967); *Youngblood v. United States*, 141 F.2d 912 (6th Cir.1944); *Newark Morning Ledger Co. v. Republican Co.*, 188 F.Supp. 813 (D.Mass.1960). *See* 7 Moore's Federal Practice § 81.07.
>
> Such relief may be granted only in instances where, before adoption of Rule 81(b), the remedy of mandamus would have been available. *Petrowski v. Nutt*, 161 F.2d 938 (9th Cir.1947), cert. denied, 333 U.S. 842, 68 S.Ct. 659, 92 L.Ed. 1126 (1948); *Newark Morning Ledger Co. v. Republican Co., supra*; *Deglau v. Franke*, 184 F.Supp. 225 (D.R.I.1960).
>
> It is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought. In the absence of special statutory authority it can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it. *Hertz v. Record Publishing Co.*, 219 F.2d 397 (3d Cir.1955), cert. denied, 349 U.S. 912, 75 S.Ct. 601, 99 L.Ed. 1247 (1955).
>
> In any event, federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Clark v. Washington*, 366 F.2d 678 (9th Cir.1966); *Campbell v. Washington State Bar Ass'n*, 263 F.Supp. 991 (W.D.Wash.1967).

*Haggard v. State of Tenn.*, 421 F.2d 1384, 1385–86 (6th Cir. 1970). Under 28 U.S.C. § 1361, the district court retains jurisdiction of actions "in the nature of mandamus" to compel certain persons to "perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But those persons must be "officers or employees of the United States or any agency thereof . . . ." *Id*. "[F]ederal courts may not issue writs of mandamus to compel state officers to act in accordance with state law." *Hoffman v. Stump*, No. 97-1277, 1998 WL 869972, at *6 (6th Cir. Dec. 2, 1998) (citing *Pennhurst*, 465 U.S. at 89). Plaintiff's claim for mandamus relief, therefore, is outside the Court's subject matter jurisdiction.

> **E.     Plaintiff's claim for relief fails in its premise**

The factual foundation of Plaintiff's complaint is that he is entitled to disciplinary credits against his minimum sentence and that those credits move up his parole eligibility date. Plaintiff states: "MCL 791.234(1) provide[s] that the parole board acquires jurisdiction over a prisoner['s] sentence . . . when that prisoner has served [a] period of time equal to the minimum sentence impose[d] by the court for the crime of which he or she was convicted, less good time and disciplinary credits, if applicable . . . ." (Compl., ECF No. 1, PageID.9.)

But Plaintiff also acknowledges that the statutory provision does not apply to "a prisoner subject to disciplinary time." (*Id*., PageID.6.) A "prisoner subject to disciplinary time," according to Mich. Comp. Laws § 791.233c, is defined in Mich. Comp. Laws § 800.34. Under that provision, a "prisoner subject to disciplinary time" includes: "a prisoner sentenced to an indeterminate term of imprisonment . . . on or after December 15, 1998 . . . [for] a violation of [Mich. Comp. Laws §] . . . 750.520b . . . ." Mich. Comp. Laws § 800.34(5).

Plaintiff violated Mich. Comp. Laws § 750.520b, and was sentenced for the violation, after December 15, 1998. Therefore, he is "a prisoner subject to disciplinary time" and none of the statutes or case law upon which he relies apply to him. His claims are factually and legally frivolous. But that is not news to Plaintiff. As shown in the documents he attaches to his complaint,

he has been informed that he is not eligible for the disciplinary credits upon which his claims depends for many years.

### III.     Pending motion for appointment of counsel

Plaintiff has a pending motion for the appointment of counsel (ECF No. 3).

Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's request for appointment of counsel will be denied.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed on grounds of immunity and for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also deny as moot Plaintiff's motion for appointment of counsel. (ECF No. 3.)

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be

frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   October 4, 2022                        /s/ Ray Kent
                                                Ray Kent
                                                United States Magistrate Judge